IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICKIJAGAJAGA LILOKO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-05-2110 |
| | § | |
| ALBERTO GONZALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Petitioner Mickijagajaga Liloko is in the custody of the Bureau of Immigration and Customs Enforcement ("BICE") in Houston, Texas. He has been in detention since September 2004, when he arrived in the United States without the entry documents necessary for admission, requesting asylum. Liloko is a native of Sudan and a citizen of Burundi. On November 30, 2004, an Immigration Judge denied him asylum and ordered him removed. Liloko filed this habeas petition under 28 U.S.C. § 2241 on June 15, 2005, seeking release on the ground that he cannot obtain travel documents from either Sudan or the Netherlands, where he had worked. Liloko asserted that his detention exceeded the six-month presumptively reasonable period identified in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The United States moves to dismiss for lack of jurisdiction, based on Liloko's failure to seek review of the removal order from Immigration and Customs Enforcement under 8 C.F.R. 241.13. Such review is governed by 8 U.S.C. § 1231. Under section 1231(a), the

Attorney General has ninety days to carry out an order removing an alien from the United States. During this time, detention is mandatory. Section 1231(a)(1)(B) provides:

> The removal period begins to run on the latest of then following:
>
> (I) The date the order of removal becomes administratively final.
>
>> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>>
>> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. At the conclusion of the 90 day period, the alien may be held in continued detention, or may be released under continued supervision.

8 U.S.C. §§ 1231(a)(3) & (6).

In *Zadvydas*, 533 U.S. 678, the Supreme Court addressed whether section 1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the ninety-day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689. "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, the Court recognized six months as a "presumptively reasonable period of detention." *Id.* at 701. The Court directed that if the alien provided good reason to believe that there is no significant likelihood of

deportation in the reasonably foreseeable future at the conclusion of the six-month period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id*. An alien may be detained beyond the six-month period "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Regulations have been promulgated to meet the criteria established by the Supreme Court in *Zadvydas*. *See* 8 C.F.R. § 241.4. Before the expiration of the ninety-day removal period expires, the district director is to conduct a custody review if the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the HQPDU for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Section 241.13 establishes special review procedures for aliens subject to a final order of removal and detained beyond the expiration of the removal period. The HQPDU must determine whether the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he was ordered removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(a).

Liloko has challenged his continued detention by filing a petition for a writ of habeas corpus under section 2241. Respondent has moved to dismiss to permit Liloko to obtain review under section 241.13. Respondent is instructed to treat the petition as a request for release under 8 C.F.R. § 241.13 and 241.4 and must respond to the request within forty-five (45) days. Because the petition is referred to the appropriate government agency for

disposition under existing review procedures, the petition for writ of habeas corpus is dismissed, without prejudice.

SIGNED on August 30, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge